Opinion Issued April 24, 2003


 












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00359-CR
____________

IVO NABELEK, Appellant

V.

C.O. BRADFORD, ROBERT HURST, AND THE CITY OF HOUSTON, Appellees




On Appeal from the 234th District Court 
Harris County, Texas
Trial Court Cause No. 2001-38194




MEMORANDUM OPINION
          Appellant, Ivo Nabelek, appeals the granting of summary judgment in favor of
appellees, C.O. Bradford, Robert Hurst, and the City of Houston (collectively, “the
City”), in his suit challenging the constitutionality of section 552.028 of the Texas
Government Code. See Tex. Gov’t Code Ann. § 552.028 (Vernon Supp. 2003). We
determine whether the trial court properly granted summary judgment. We reverse
the judgment and remand the cause.
Facts and Procedural History
          Nabelek pleaded guilty to aggravated sexual assault of a child, sexual
performance by a child, and possession of child pornography in February of 1993 and
is currently serving his sentence. After he was incarcerated, Nabelek requested
certain documents relating to his arrest and investigation from the Houston Police
Department (“HPD”) under the Public Information Act (formerly the Open Records
Act). See Tex. Gov’t Code Ann. § 552.021 et seq. (Vernon Supp. 2003). Nabelek
specifically requested a copy of an HPD “Offense Report” so that he might attack the
validity of his convictions, but HPD refused this request. 
          The Public Information Act states:
A governmental body is not required to accept or comply with a request
for information from:

 
(1)an individual who is imprisoned or confined in a
correctional facility; or
 
(2)an agent of that individual, other than that individual’s
attorney when the attorney is requesting information that is
subject to disclosure under this chapter.

Id. § 552.028. Nabelek filed a declaratory judgment suit against the City, challenging
the constitutionality of this statute


 under the Due Process and Equal Protection
clauses and the First Amendment of the United States Constitution and requesting
injunctive relief. See U.S. Const. amends. I, V, XIV. The City moved for summary
judgment under Rule of Civil Procedure 166a(c), attaching as evidence Nabelek’s
petition and responses to the City’s request for disclosures. See Tex. R. Civ. P.
166a(c). The trial court granted the City’s motion without specifying the grounds. Standard of Review
          The purpose of rule 166a is “to provide a method of summarily ending a case
that involves only a question of law or no genuine issue of [material] fact.” 
Nationwide Prop. & Cas. Ins. Co. v. McFarland, 887 S.W.2d 487, 490 (Tex.
App.—Dallas 1994, writ denied). “The movant for summary judgment has the
burden to show that there is no genuine issue of material fact and that it is entitled to
judgment as a matter of law.” Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). In deciding whether there is a disputed material fact issue precluding
summary judgment, we take the evidence favorable to the nonmovant as true. Nixon,
690 S.W.2d at 548-49. We indulge every reasonable inference in favor of the
nonmovant and resolve any doubts in its favor. Id. 
 
The City’s Motion
          In his sole point of error, Nabelek contends that the trial court erred by granting
summary judgment in favor of the City. In its summary judgment motion, the City
asserted two grounds. First, the City argued that Nabelek had not joined the proper
parties because (1) the Attorney General, who was a necessary party, was not made
a party and (2) all three defendants were improper parties because Nabelek’s
challenge involved a state statute, rather than a municipal ordinance. Second, the
City argued that governmental immunity under the Texas Tort Claims Act (TTCA)



barred Nabelek’s claims. Nabelek responded (1) that, because the Attorney General
was served with notice of the suit and allegedly declined to join, appellant did not
need to join the Attorney General as a party; (2) that the defendants were proper
parties because they was responsible for HPD’s policies relating to denial of
information requested under section 552.028; and (3) that governmental immunity
under the TTCA was inapplicable because plaintiff did not bring any tort claims or
request any damages. 
A.      Proper Parties      
          The City first argued that summary judgment was proper because Nabelek had
not joined the proper parties. The City claimed that (1) the Attorney General, who
was a necessary party, was not made a party and (2) the defendants should not be
parties to Nabelek’s suit because Nabelek’s challenge involved a state statute, rather
than a municipal ordinance. 
          Because Nabelek requested a declaratory judgment, this case is governed by
the Uniform Declaratory Judgments Act (UDJA). See Tex. Civ. Prac. & Rem. Code
Ann. §§ 37.002, 37.006 (Vernon 1997). The UDJA grants any litigant whose rights
are affected by a statute the opportunity to obtain a declaration of those rights under
the statute and requires that all relevant parties be joined. See id. When a litigant
brings a UDJA action challenging the constitutionality of a state statute and
requesting interpretation of the statute, the statute requires that the Attorney General
be served with a “copy of the proceedings” and that the Attorney General is entitled
to be heard. See Tex. Civ. Prac. & Rem. Code Ann. § 37.006; Tex. Educ. Agency
v. Leeper, 893 S.W.2d 432, 446 (Tex. 1994). Nevertheless, Texas courts have held
that section 37.006 does not require that the Attorney General be made a party
defendant. Tex. Civ. Prac. & Rem. Code Ann. § 37.006; Wichita County v.
Robinson, 276 S.W.2d 509, 511 (Tex. 1954); cf. Motor Vehicle Bd. of the Texas Dept.
of Transp. v. El Paso Indep. Auto. Dealers Assoc., Inc., 1 S.W.3d 108, 110 (Tex.
1999) (holding that, although Attorney General was not required to be party to suit
challenging constitutionality of Blue Law and had declined to participate, Attorney
General had not waived its right to appeal negotiated pretrial settlement because
Attorney General was bound by judgment and its interests were affected by
judgment). 
          The City’s summary judgment ground based on section 37.006 asserted that the
Attorney General had to be made a party defendant. This argument was based on an
inaccurate legal premise because the Attorney General does not have to be made a
party to a UDJA action. See Robinson, 276 S.W.2d at 511. Therefore, the trial court
could not have properly granted summary judgment on the ground that the Attorney
General was not joined as a party.
          The City also argued that summary judgment was correctly granted because all
three defendants were improper parties under the UDJA. The City claimed that the
City of Houston and its employees should not be parties to Nabelek’s suit because
Nabelek’s challenged involved a state statute, rather than a municipal ordinance. 
          Under the UDJA, “all persons who have or claim any interest that would be
affected by the declaration must be made parties.” See Tex. Civ. Prac. & Rem. Code
Ann. § 37.006(a); Leeper, 893 S.W.2d at 446. For example, governmental entities
who may be bound by a court’s declaration on their ordinances or statutes must be
joined as parties. Leeper, 893 S.W.2d at 446. Local officials who are responsible for
enforcement of an ordinance or statute are also proper parties. See El Paso, 1 S.W.3d
at 110-11 (confirming that, in attack on constitutionality of Blue Sky law, local
officials who are responsible for enforcing law, such as county, city, and county
attorneys, may be proper parties); Leeper, 893 S.W.2d at 437-38 (deciding
constitutionality of compulsory-attendance statute in suit in which Texas Education
Agency, Texas Commissioner of Education, and Assistant General Council of TEA
were properly named as defendants); City of Longview v. Head, 33 S.W.3d 47, 54
(Tex. App.—Tyler 2000, no pet.) (holding that trial court lacked jurisdiction in
challenge of constitutionality of criminal statute when district and county attorneys,
responsible for enforcement of the statute, were not joined as parties). 
          Nabelek sued the City of Houston and its employees C.O. Bradford and Robert
Hurst in their official capacities after he was denied certain documents from HPD
relating to his arrest and investigation. Section 552.028, which Nabelek challenges,
gives governmental bodies the discretion whether to comply with an inmate’s request
for information. See Tex. Gov’t Code Ann. § 552.028. The governmental body
from which Nabelek requested information was HPD. Thus, athough section 552.028
is a state statute, the City of Houston and its employees were responsible for deciding
whether or not to comply with Nabelek’s request for records relating to his arrest and
investigation. Thus, these defendants were proper parties. See Leeper, 893 S.W.2d
at 438.  
          Therefore, the trial court could not have properly granted summary judgment
on the ground that Nabelek failed to join the proper parties.
B.      Governmental Immunity
          The City next argued that summary judgment was proper because the City of
Houston was immune from liability under the TTCA to the extent that Nabelek
brought a negligence claim. 
          Nabelek did not bring any tort claim or request any monetary damages. 
Instead, Nabelek filed suit seeking only a declaratory judgment and injunctive relief,
a suit governed by the UDJA. See Tex. Civ. Prac. & Rem. Code Ann. § 37.002. 
Therefore, the TTCA and its immunity provisions are inapplicable. See id. §§
101.021, 101.025 (Vernon 1997). Further, the UDJA waives sovereign immunity
with respect to Nabelek’s challenge to the constitutionality of section 552.028. Tex.
Mun. Power Agency v. Pub. Util. Comm’n, No. 03-02-00462-CV, slip op. at 7 (Tex.
App.—Austin Feb. 6, 2003, no pet. h.) (holding that sovereign immunity is expressly
waived under UDJA action for interpretation of statute). Therefore, the trial court
could not have properly granted summary judgment on the ground that Nabelek’s
claim was barred by sovereign immunity. 
          Accordingly, the trial court erred by granting summary judgment as a matter
of law.


  
          We sustain Nabelek’s sole point of error.
 Conclusion
          We reverse the trial court’s judgment and remand the cause.



 Tim Taft
     Justice


Panel consists of Justices Taft, Keyes, and Higley.